IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE DARREL RUTLEDGE,

    Plaintiff,                  No. 2: 11-cv-1546 KJN P

    vs.

COUNTY OF LASSEN, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        On June 17, 2011, plaintiff consented to the jurisdiction of the undersigned.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Named as defendants are Lassen County Superior Court Judge Giordano, Lassen County and the Lassen County Superior Court.  Plaintiff alleges that in December 2009, he filed two civil actions in the Lassen County Superior Court.  Plaintiff alleges that after the defendants in these cases failed to file timely responses to his complaints, he filed requests for entry of default.  Plaintiff alleges that defendant Lassen County Superior Court issued orders to show cause against the defendants in these actions for their failure to appear.  Plaintiff allegedly then filed requests for entry of default judgment, which defendant Lassen County Superior Court denied.  On December 16, 2010, defendant Judge Giordano dismissed both of plaintiff's cases for plaintiff's alleged failure to prosecute.

Plaintiff alleges that the dismissal of his two state court civil actions based on his alleged failure to prosecute violated his right to due process.  As relief, plaintiff seeks an order reversing the order by defendant Judge Giordano dismissing his two civil actions.  Plaintiff also seeks an order directing the defendants in those two cases to follow the orders of the state court.  Plaintiff also seeks an order directing the defendants in those cases to pay him within ninety days of entry of the default judgment.

Under the Rooker–Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only

in the United States Supreme Court). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001). Pursuant to this doctrine, a federal district court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir. 2003). See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165–66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [plaintiff's] domestic case").

In this action, plaintiff directly challenges the validity of the judgment entered against him in December 2010 in his two civil actions filed in December 2009. Pursuant to the Rooker-Feldman doctrine, this court does not have jurisdiction to consider these claims.

Because it is clear that plaintiff cannot cure these pleadings defects, the undersigned orders that this action is dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 8) is granted.

////

////

1     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
2  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
3  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
4  Director of the California Department of Corrections and Rehabilitation filed concurrently
5  herewith.
6     3.  This action is dismissed.
7  DATED:  August 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rut154.dis